## BLAKE v. BARNES et al.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

1. EQUITY JURISDICTION—RETAINING CAUSE—SETTLEMENT OF ESTATES.
   Where the powers of the surrogate are adequate to the settlement of an estate, a court of equity will not, without some special reason, interfere, but when it assumes jurisdiction it will continue to act until all the questions involved have been adjusted.

2. SAME—ACCOUNTING—EXECUTORS AND LEGATEES.
   A court of equity has exclusive jurisdiction to adjust partnership accounts between the representatives of a deceased partner and the surviving partners, but the right to maintain such an action devolves first upon the executors, and it is only when they have refused, or when their position is so inconsistent that injury

may result to the personal representatives, that a legatee is permitted to institute the action for an accounting.

**8. SAME—JUDGMENT—DISMISSAL.**

In an action for an accounting against the surviving partners and the executors of a deceased partner, where a court of equity declines to assume jurisdiction on account of the failure of proof to sustain the allegations, the judgment should be, not to dismiss the case upon the merits, but to dismiss it with leave to institute proper proceedings in the surrogate's court.

Appeal from special term, New York county.

Action by Sarah F. Blake against Alfred C. Barnes and others for an accounting and the construction of a will. From a judgment dismissing the complaint upon the merits, the plaintiff appeals. Modified and affirmed. For former reports, see 9 N. Y. Supp. 933; 13 N. Y. Supp. 77.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*C. B. Smith,* for appellant. *Flamen B. Candler* and *R. W. L. Candler,* for respondents.

O'BRIEN, J. The action was brought by the plaintiff, one of the 10 children of the testator A. S. Barnes, deceased, against her brothers and sisters and the children of a deceased sister, the executors under the will, and the surviving partners of A. S. Barnes & Co., for an accounting and construction of the will. The complaint and the relief demanded are predicated upon plaintiff's right to have an accounting from certain of the defendants as executors, and from certain of the defendants as surviving partners of the testator. Thus she presented by her complaint four contentions,—one in respect to the firm of Barnes & Co., one in regard to the release of certain real property, one in reference to certain engines and boilers in the Brooklyn factory, and one in reference to the amount of the claim against the firm of Knight & Co. in favor of the testator's firm, and some minor matters presented by her reply to the executors' answer. The scope of the complaint and the theory of the action seem to recognize the rule of law now settled that in ordinary cases of administration, and where the powers of the surrogate are adequate to the settlement of the estate, a court of equity may decline to interfere. As stated, however, in Redfield on the Law and Practice of Surrogates' Courts, (4th Ed., p. 10:) "There are many cases in which, by reason of the necessity of preserving the relief by injunction or in consequence of a dissension between executors, or because questions of individual rights or questions, which the surrogate is not authorized to determine, are inseparably connected with and involved in the controversy, or because the estate or executor is foreign, a clear case of necessity for the interposition of a court of equity is presented. The surrogate, however, so far as he has jurisdiction, has jurisdiction concurrent with that of a court of equity, and a court of equity will not, without some special ground, interfere to supersede the exercise of the surrogate's powers." Under this rule, as enforced by the decisions in this state, if this action had been one simply for an accounting by the defendant executors, no question could arise as to the right of the trial court to decline to grant the relief asked for, viz., an accounting; for this would properly be a subject for investigation and determination in the surrogate's court. By reason, however, of the contentions which have been referred to, it is insisted that, in respect to the accounting asked for, special facts are shown which demand that a court of equity should assume jurisdiction; and under the settled rules of that court, where it assumes jurisdiction for one purpose, it will continue to act until all the questions at issue between the parties have been adjusted and settled in such an action.

As shown by his opinion, the learned trial judge, without determining the question of the jurisdiction of the surrogate upon the special facts set up in the complaint, decided to try all the questions, and hold the case for an accounting in the event of the evidence disclosing any facts or questions which could not be passed upon by the surrogate. After taking testimony upon the

questions presented, and having reached the conclusion that the plaintiff wholly failed to establish the claims thus made, the learned judge dismissed the complaint on the merits upon the ground that none of the questions could be resolved in plaintiff's favor, and therefore no question was presented requiring the intervention of this court. The reasons are thus stated in the opinion of the court: "It is not enough to allege special facts which would oust the surrogate, and justify resort to our jurisdiction. Such facts must be true, and must be established by competent testimony. The rule cannot be evaded by the mere assertion. * * * It is urged that these matters should not now be passed upon, but that the accounting should be directed before a referee, and all claims reserved until the final hearing on the referee's report. This argument overlooks the rule that an accounting should not be ordered until special facts which justify the passing by of the surrogate's court are established. If any such fact is established, then the court, as a court of equity, will assume jurisdiction of the estate and of the general accounting. It will not limit the relief to the single fact which appropriately brought the case within its jurisdiction. Having commenced, it will proceed to the end, and do all that justice requires." We concur in the conclusion thus reached, as these views seem to be in consonance not only with the law and practice as applicable to courts of equity, but are supported by the cases referred to by the learned judge, (*Hard* v. *Ashley*, 117 N. Y. 606, 23 N. E. Rep. 177; *Chipman* v. *Montgomery*, 63 N. Y. 222.) Nor is it necessary for us, in view of the careful examination and review of the testimony made by the trial judge, which supports his conclusions as to those special facts, to again go over the record for the purpose of pointing out the evidence upon which such conclusions are based. They fully appear in his opinion, and are clearly set forth in the findings of fact and conclusions of law, which are part of the judgment appealed from.

The single question remaining is as to the right of the plaintiff to insist upon an accounting from the surviving partners of the testator. Our attention is called to the fact that the surrogate's court has no jurisdiction over the settlement of partnership accounts, for the reason that the partnership effects are not assets of the testator. It is true that a court of equity has exclusive jurisdiction to adjust partnership accounts between the surviving partners and the representatives of a deceased partner, and the surrogate's court has no jurisdiction in such cases; and precedents can be found for an action brought in the capacity in which the plaintiff brings it here by a bill against the executor for an account in which the surviving partner or partners can be joined as parties defendant, in order to have a full account of all the personal assets at the same time, even where there was no charge or proof of collusion. Although it be conceded that a court of equity has exclusive jurisdiction to adjust partnership accounts, and though it be conceded that facts might be presented in which a residuary legatee or person interested under the will of a deceased partner might have a right in a suit against executors for an accounting to join the surviving partners, the question still remains whether the facts alleged in the complaint and the proofs as presented upon the trial made out such a case as entitled the plaintiff to an accounting as against all the defendants upon this ground. It would seem to be reasonably clear that, in the absence of any special circumstances, as the executors are trustees and act for the personal representatives, the right to maintain such an action first devolved upon them, and it is only where they have refused, or where their position is so inconsistent that injury may result to the personal representatives, that a right as against the surviving partners can be made the basis of an action by a legatee. Were this otherwise, surviving partners would be liable to an action for an accounting, brought not only by the executors, but by every other person interested in the estate, thus entailing, without any fault on their part, unusual hardship and expense on such surviving partners. It is true that the plaintiff makes certain allegations to

which testimony was directed for the purpose of showing that the surviving partners, by reason of the fact that certain of them were also executors under the will, were not the proper ones to maintain such an action for an accounting. But the difficulty with the plaintiff's position is that the evidence did not come up to the point of sustaining any of the claims made. She failed to establish that any claim was made by the defendants, who constituted the firm of Barnes & Co., whatever as to the assets of the testator, or any claim whatever which would entitle her to pass over the surrogate's court, and ask in this court for a settlement of the accounts of the executors. It appears that as early as January, 1889,—eight months before this action was commenced, —an accountant had been employed by the executors at the request of the plaintiff, who had, in the manner provided by the articles of copartnership, ascertained and fixed the amount of the capital and all the interest of the testator in the business and assets of said firm, and that, after the plaintiff and all parties interested had accepted this report, the firm paid to the executors the amount found due, namely, $435,191.86; and that there was no claim made by the executors against the firm, and none made by the firm against the executors. Upon these facts being sworn, the trial court having passed adversely upon the special facts alleged in the complaint, which were relied upon for the purpose of clothing this court with jurisdiction, it was justified in refusing to proceed further.

In addition to the evidence presented by the record, the plaintiff sought to elicit more in respect not only to the administration of the estate by the executors, but also as to the disposition of the assets of the firm by the surviving partners. This, because of its irrelevancy to the special facts referred to, was excluded; and the exceptions thereupon taken are now relied upon as grounds for reversal, and as bearing upon that part of the judgment which determines that the trial already had shall be *res adjudicata* upon the questions passed upon. This portion of the judgment presents the most serious question upon this appeal. It is true the plaintiff was permitted to present evidence to sustain the special facts relied upon, but some of the testimony excluded had a bearing upon the conduct and management of the estate and of the assets of the testator by the defendants. The inquiry which engrossed the attention of the trial judge was directed to the ascertainment of the question whether or not the court should assume jurisdiction; and it proceeded properly in that direction in undertaking to decide the special facts upon which such jurisdiction was alleged to be founded. Having concluded that the court should not entertain jurisdiction by reason of the failure of proof, it seems to us that the proper disposition would have been, not to have dismissed the complaint on the merits, nor by adjudicating upon these special facts, to conclude the plaintiff from having a full and complete accounting before the surrogate, but that the judgment should have been for a dismissal of the complaint without prejudice to any proper proceeding which the plaintiff might institute in the surrogate's court for an accounting. In this respect we think the judgment should be modified; but upon the other questions presented, as the trial court, on sufficient and competent evidence, decided that neither the plaintiff nor the executors had any valid claim against the firm of A. S. Barnes & Co., and that the firm made no claim against the executors, founded on any of the charges in the complaint or reply, and that as nothing remained of the controversy but the ordinary settlement of executors' accounts, the complaint was properly dismissed, and so much of the judgment appealed from should be affirmed. No costs to either party on this appeal.

VAN BRUNT, P. J. The judgment should contain leave to proceed before surrogate, as thus modified, and I concur in affirmance.

PATTERSON, J. With the modification suggested by the presiding justice, I concur in affirming the judgment.