(19 App. Div. 338.)

STOERZER v. NOLAN et al.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

ACCOUNTING BY ASSIGNEE—PROCEDURE.

    While the supreme court has jurisdiction to entertain an action for an accounting by an assignee for the benefit of creditors, as well as a proceeding by petition and citation for the same purpose, it has the right to require the remedy to be pursued in either form, in its discretion; and, except in cases where special circumstances require it, the court will not entertain an action for the purpose.

Appeal from special term.

Action by Henry A. Stoerzer against Michael W. Nolan and others. From an order denying plaintiff's motion for an interlocutory order and judgment in an action for an accounting by a creditor of the

estate of Durland's Riding Academy Company, plaintiff appeals. Af-
firmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

Percy L. Klock, for appellant.

PER CURIAM. The action was begun, as appears from the com-
plaint, by a creditor of the company, more than a year after the assign-
ment. After the service of the summons and complaint, the assignor
defaulted in answering; but upon the admission by the assignee in
his answer of the claim of the plaintiff an application was made in due
time by the plaintiff, on consent, for an interlocutory order and judg-
ment directing an accounting, which application was denied, and from.
the order entered thereon this appeal is taken.

The supreme court has ample jurisdiction to entertain an action for
an accounting by an assignee for the benefit of creditors, and it is also
well settled that by chapter 380 of the Laws of 1885 there was conferred
upon the supreme court and its justices the same jurisdiction formerly
held by county courts and county judges under the general assignment
act (Laws 1877, c. 466). Mills v. Husson, 140 N. Y. 99, 35 N. E. 422.
While, therefore, the court has jurisdiction to proceed either in an ac-
tion or by petition and citation to compel an assignee to account, we
do not think it follows that a creditor can compel the court to proceed
in the action rather than by petition and citation. In other words,
the creditor has no right to elect which of the two remedies he should
pursue, but it is a subject over which the court has control, and which
it can regulate by rules, and by requiring which of the two remedies
shall be followed. The right of the court thus to require the remedy
to be pursued in one form rather than in another is in many respects
analogous to the same right exercised by the court in refusing to
entertain actions for an accounting against executors, and remitting
parties to their remedy for similar relief in the surrogate's court.
That the supreme court has the power to entertain actions for an
accounting against executors is undoubted; but its refusal to exercise
such jurisdiction, unless special facts and circumstances show that
complete justice cannot be done in a surrogate's court, is upheld by
many cases. Blake v. Barnes (Sup.) 18 N. Y. Supp. 471; Hard v.
Ashley, 117 N. Y. 606, 23 N. E. 177; Chipman v. Montgomery, 63 N. Y.
221. Prior to 1885 it was the usual practice to have accountings by
assignees brought in the county courts, and this notwithstanding the
fact that the supreme court had jurisdiction to entertain an action
for such an accounting, which it was always inclined to exercise when,
in a given case, no proceedings had been commenced in the county
courts. Since 1885, as stated, this court having its original power to
entertain such an action, and also having conferred upon it the same
power as county courts, it was entirely competent to make such rules
and regulations with respect to the remedy to be followed as would.
secure complete justice. To that end such rules have been adopted,
and while there may be, upon special facts and circumstances appear-
ing,—which, however, are not here present,—exceptional instances
where it will entertain an action for an accounting, it has formulated

a procedure which, by petition and citation, follows the method formerly practiced in the county courts, and which experience has shown to be the most efficient for securing notice to creditors, and for avoiding the preferences and irregularities that may be suffered by the general creditors if any particular one is permitted to have the control and direction of an accounting in which all should have equal rights. While the appellant is right, therefore, in his contention that he has two remedies, we think his error is in assuming that the election is with him, and that the court is powerless to regulate which remedy he shall pursue; and that upon the facts here appearing the trial judge was right in refusing to make the order and judgment applied for, and in remitting the plaintiff to his remedy by petition and citation, which is the procedure required by the rules.

The order, therefore, should be affirmed, but, as there appears to be no respondent, it should be without costs.

(19 App. Div. 366.)

### SPRINGER v. WESTCOTT.

(Supreme Court, Appellate Division, First Department.　July 2, 1897.)

EXPRESSMAN—LOSS OF GOODS—LIABILITY.

Appeal from trial term.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.