THE STANDARD FASHION COMPANY, Respondent, v. THE
SIEGEL-COOPER COMPANY and THE BUTTERICK PUBLISHING
COMPANY (Limited), Appellants.

1. EQUITY — SPECIFIC PERFORMANCE — DIFFICULTY OF ENFORCEMENT.
Where a complaint for specific performance sets forth, in other respects,
a good cause of action in equity, it is not open to a general demurrer
because it discloses such difficulties attending enforcement that the court,
in the exercise of its discretion, would ordinarily refuse to undertake it,
no public interest being involved.

2. COMPLAINT FOR SPECIFIC PERFORMANCE NOT DEMURRABLE BECAUSE
SUBJECT TO DISCRETIONARY REFUSAL OF RELIEF BY REASON OF DIFFI-
CULTY OF ENFORCEMENT.   A complaint for specific performance, which
sets forth a lawful contract between the parties, capable of performance
by both, with no reason for non-performance by either, readiness to per-
form on one side, a refusal to perform on the other, and facts showing no
adequate remedy at law, is not demurrable on the ground that it does not
state a cause of action, merely because it discloses a case which would
justify a refusal by the court, in its sound discretion, to exercise its juris-
diction to grant specific performance, for the reason that the nature of the
subject-matter is so complicated as to require a multiplicity of orders by
the court in its efforts to superintend the details of an extensive and pecu-
liar business.   .

3. ACTION FOR SPECIFIC PERFORMANCE PROPERLY RETAINED FOR
INJUNCTION AGAINST BREACH.   Where a complaint stating a cause of
action for specific performance of a contract for business dealings between
the plaintiff and the principal defendant, calling for varied and continuous
acts, also seeks an injunction to restrain the breach of a negative and sev-
erable covenant through the transaction of the business by the principal
defendant with a competitor of the plaintiff, joined as a defendant and
alleged to be knowingly promoting the breach, the case may properly be
retained by the court as one permitting the exercise of the discretionary
power of injunction, although specific performance of the affirmative pro-
visions of the contract would probably be impracticable through the diffi-
culty of its enforcement.

*Standard Fashion Co.* v. *Siegel-Cooper Co.*, 30 App. Div. 564, affirmed.

(Argued October 4, 1898; decided October 18, 1898.

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered July 14, 1898, as resettled by an order made

August 19, 1898, reversing an interlocutory judgment entered upon a decision of the Special Term sustaining separate demurrers to the complaint.

The complaint, after setting forth the corporate character of each party to the action, alleges that the plaintiff and the defendant, the Butterick Publishing Company, are rivals and competitors in the business of preparing and selling paper dress patterns and designs; that the defendant, the Siegel-Cooper Company, is engaged in the business of selling at retail all articles required by people for consumption and use, and that it occupies and carries on the greatest department store in the world, covering half a block in the city of New York; that on the 16th of July, 1897, the plaintiff and the Siegel-Cooper Company entered into an agreement of which, omitting the formal parts, the following is a copy:

" The Siegel-Cooper Company is hereby appointed an agent for the sale of Standard patterns and Standard fashion publications for a term of two years from the date the contract goes into effect — and said term to be extended from year to year thereafter until closed by three months' notice in writing by either party, to be given within thirty days after said two years or any one year thereafter.

" The Standard Fashion Company agrees to conduct at its own expense and risk a pattern department on the ground floor of the Siegel-Cooper Company's store on Sixth avenue and 18th street, New York city, said Standard Fashion Company furnishing its own employees, such employees to be subject to the employees' rules of the Siegel-Cooper Company. The Standard Fashion Company further agrees to furnish, free of charge, not less than two hundred and fifty thousand eight-page fashion sheets, of the kinds sold at ten dollars per thousand to the Siegel-Cooper Company, per annum as long as this contract continues, and to print the advertisements of said Siegel Cooper-Company on front and back thereof without charge, to be changed monthly if so desired; such fashion sheets to be distributed by the Siegel-Cooper Company from its store, or from pattern counter or any other of the business,

without expense to the Standard Fashion Company. The Siegel-Cooper Company to furnish wrapping paper and twine, free delivery and other store facilities. Said Siegel-Cooper Company agrees not to sell, or allow to be sold on its premises during the duration of this contract, any other make of paper patterns.

" Siegel-Cooper Company agrees to pay over to the Standard Fashion Company two-thirds of all the moneys received from the sale of patterns and fashion publications, making weekly settlements with the Standard Fashion Company, said Siegel-Cooper Company to make no charge for cashiering. The remaining one-third to be the remuneration of said Siegel-Cooper Company for the permission to the Standard Fashion Company to conduct said department.

" The said Siegel-Cooper Company agrees to allow the use of the present pattern fixtures and the present position for paper patterns, but in case a change of location should be deemed advisable, such new location not to be less prominent, nor to occupy less space than the present one, except between Thanksgiving and Christmas of each year.

" This contract to go into effect either on September 12th or December 12th, 1897, according to the choice of said Siegel-Cooper Company, such choice depending upon the question of whether the contract between the said Siegel-Cooper Company and the Butterick Publishing Company, now existing, will be terminated in September or December of this year.

" The Standard Fashion Company agrees to assume all risk of loss by fire, water, etc., or risk of theft or other unforeseen damage to or destruction of pattern stock, and to hold the Siegel-Cooper Company harmless in that respect. Said Siegel-Cooper Company to make, at the expense of the Standard Fashion Company, frequent mention of the fact that they are agents for the sale of the Standard Patterns in its daily New York newspaper advertisements, and also to allow reasonable display of attractive show cards and signs furnished by the Standard Fashion Company and subject to the approval of said Siegel-Cooper Company at convenient places in its store,

the expense of such signs to be entirely borne by the Standard Fashion Company."

The complaint further alleges that said agreement " as defendant, the Siegel-Cooper Company, well knew, at the time it was entered into," was for the purpose of securing to the plaintiff the great advantage and prestige to be obtained from the sale of its paper patterns exclusively in said store and to prevent the Siegel-Cooper Company from selling or allowing to be sold on its premises any make of paper patterns other than those of the plaintiff. After alleging willingness to perform on its part the plaintiff alleged refusal to perform on the part of the Siegel-Cooper Company, and that it has entered into an agreement with its co-defendant to sell in said store the paper patterns made by the Butterick Publishing Company during the whole or part of the term of the agreement made with the plaintiff; that it has given notice that it will not sell the paper patterns of the plaintiff, nor allow the plaintiff to sell its paper patterns in said store, nor permit plaintiff to enter or occupy said store or any part thereof; that the Butterick Publishing Company knew of said agreement with the plaintiff and induced the Siegel-Cooper Company to break the same, promising to save it harmless against any recovery by the plaintiff on account of the said breach, and to defend at its own expense any action brought on account thereof; that the plaintiff will be put to irreparable loss and injury if the Siegel-Cooper Company is suffered to break its agreement; that it will be damaged in its business if that company sells the patterns of the Butterick Publishing Company, the rival and competitor of the plaintiff, by loss of the prestige aforesaid, as well as by the loss of receipts from the sales of its patterns in said store in a manner altogether impossible to be compensated for in an action for money damages, and that in no place can the plaintiff obtain the same advantages for the sale of its patterns as in said store.

The relief demanded is that the Siegel-Cooper Company be required to specifically perform its contract with the plaintiff, and that both defendants be restrained from selling in said

store any paper patterns except those made by the plaintiff "from December 12th, 1897, to December 12th, 1899, and for three months thereafter." There is also a prayer for damages and general relief.

The separate demurrers, interposed to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, were sustained at Special Term, but upon appeal the Appellate Division reversed the interlocutory judgment entered below, holding that, while the plaintiff could not have a specific performance of the contract, as it would impose too great a burden upon the court, still, it was entitled to an injunction to enforce the negative covenant of the Siegel-Cooper Company that it would not sell or allow to be sold on its premises, during the duration of the contract, any other make of paper patterns. The defendants appealed to this court by permission of the Appellate Division, which certified the following question : "Does the complaint in this action state facts constituting a cause of action against either of the defendants ? "

*Edward C. Perkins* and *Thomas M. Debevoise* for appellants. It does not appear from the complaint that there is no adequate remedy at law. (*McHenry* v. *Jewett*, 90 N. Y. 58 ; *T. & P. R. Co.* v. *Marshall*, 136 U. S. 393, 405 ; *Dickinson* v. *Hart*, 142 N. Y. 183 ; *Wakeman* v. *W. & W. M. Co.*, 101 N. Y. 205 ; *Bagley* v. *Smith*, 10 N. Y. 489 ; *Dart* v. *Laimbeer*, 107 N. Y. 664 ; *Taylor* v. *Bradley*, 39 N. Y. 129 ; *Burden Co.* v. *Leverick*, 37 Fed. Rep. 67 ; *Masterton* v. *Mayor, etc.*, 7 Hill, 61 ; *Taylor Co.* v. *Hatcher Co.*, 39 Fed. Rep. 440.) Whether there is an adequate remedy at law or not, the contract is not one of which a court of equity will grant specific performance. (22 Am. & Eng. Ency. of Law, 1002 ; *Fargo* v. *N. Y. & N. E. R. R. Co.*, 3 Misc. Rep. 205 ; *Beck* v. *Allison*, 56 N. Y. 366 ; *Marble Co.* v. *Ripley*, 10 Wall. 339 ; *Gervais* v. *Edwards*, 2 Dr. & W. 80 ; *Blockett* v. *Bates*, L. R. [1 Ch. App.] 117 ; *Suburban Const. Co.* v. *Naugle*, 70 Ill. App. 384 ; *Hills* v. *Croll*, 2 Phil. 60 ; *P. C.*

*R. R. Co.* v. *C. & T. R. R. Co.*, 13 Ohio St. 545; *Richmond* v. *Dubuque*, 33 Iowa, 422, 480; *Buck* v. *Smith*, 29 Mich. 166; *Powell D. S. C. Co.* v. *Taff Vail Co.*, L. R. [9 Ch. App.] 331; Lindley on Part. § 475; Collyer on Part. § 250; Story on Part. §§ 188, 224.) The court below erred in holding that it could enforce the specific performance of a single term of the contract by enjoining the sale of any patterns but the plaintiff's. (Curtis Eq. Prec. 415, LI.; *Buck* v. *Smith*, 29 Mich. 166; *Brett* v. *E. I. & L. S. Co.*, 2 H. & M. 404; *Steinau* v. *Gas Co.*, 48 Ohio St. 324; Pom. Spec. Perf. § 25; *Pickering* v. *Bishop of Ely*, 2 Y. & C. C. C. 249; *Ross* v. *Union Pac. R. R. Co.*, 1 Woolw. C. C. R. 26; *Blackett* v. *Bates*, L. R. [1 Ch.] 117; *Mair* v. *Himalaya Tea Co.*, L. R. [1 Eq.] 411; Pom. Eq. Juris. § 1341; *Merchant Tr. Co.* v. *Banner*, L. R. [12 Eq.] 23; *De Rivafinoli* v. *Corsetti*, 4 Paige, 264; *Sanquirico* v. *Benedetti*, 1 Barb. 315; *Strobridge Lith. Co.* v. *Crane*, 35 N. Y. S. R. 473; *Bronk* v. *Riley*, 50 Hun, 489.)

*James W. Gerard* and *John M. Bowers* for respondent. The negative covenant not to permit any other patterns to be sold, entitles the plaintiff to the injunctive relief sought in the complaint. (5 Bisp. Eq. 577; High on Inj. 416; Wait's Act. & Def. 693; *Singer* v. *U. B. H. Co.*, 1 Holmes, 253; *Lumley* v. *Wagner*, 1 De G., M. & G. 604; *Godard* v. *Wilde*, 17 Fed. Rep. 846; *W. U. T. Co.* v. *U. P. R. Co.*, 3 Fed. Rep. 429; *W. U. T. Co.* v. *St. J. & W. R. R. Co.*, 3 Fed. Rep. 434; *Chicago, etc., R. R. Co.* v. *N. Y. etc., R. R. Co.*, 24 Fed. Rep. 521; *W. U. T. Co.* v. *Rogers*, 42 N. J. Eq. 311; *Lacy* v. *Houck*, 12 Wkly. L. B. [Ohio] 209; 6 Wait's Pr. 162; *Daly* v. *Smith*, 49 How. Pr. 150; *Met. Ex. Co.* v. *Ward*, 25 Abb. N. C. 393; *Canary* v. *Russell*, 30 N. Y. Supp. 122; *Davies* v. *Racer*, 72 Hun, 43.) The plaintiff has no adequate remedy at law. (*Pratt* v. *Montegriffo*, 10 N. Y. Supp. 904.) The court should decree specific performance of the agreement. (Waterman on Spec. Perf. §§ 1, 6; *Lumley* v. *Wagner*, 1 De G., M. & G. 618; 3

Pars. on Cont. 352.) The defendant, the Butterick Publishing Company, was properly made a defendant in this action. (*Strobridge Lith. Co.* v. *Crane*, 12 N. Y. Supp. 834.)

VANN, J. Contracts which require the performance of varied and continuous acts, or the exercise of special skill, taste and judgment, will not, as a general rule, be enforced by courts of equity, because the execution of the decree would require such constant superintendence as to make judicial control a matter of extreme difficulty. (*Marble Co.* v. *Ripley*, 10 Wall. 339, 358; *Beck* v. *Allison*, 56 N. Y. 366, 370; *Gervais* v. *Edwards*, 2 Dr. & W. 80; *Blackett* v. *Bates*, L. R. [1 Ch. App.] 117; *Fargo* v. *N. Y. & N. E. R. R. Co.*, 3 Misc. Rep. 205; Pomeroy Spec. Per. § 312; Fry Spec. Per. § 69.) An exception to this rule, founded upon the rights of the public rather than those of the plaintiff, obtains with reference to contracts relating to the management and control of railroads and other agencies of transportation which enjoy special privileges conferred by statute and promote the general welfare. (*Joy* v. *St. Louis*, 138 U. S. 1, 47; *Prospect Park & C. I. R. R. Co.* v. *Coney Island & B. R. R. Co.*, 144 N. Y. 152.) When the inconvenience of the courts in acting is more than counterbalanced by the inconvenience of the public if they do not act, the interest of the public will prevail. But, even if, upon a trial of the action, specific performance of the contract in its entirety were refused as impracticable, still the bill should be retained as one permitting an injunction, in the sound discretion of the court, to restrain the defendants from violating the negative and severable covenant of the Siegel-Cooper Company that it would not "sell, or allow to be sold on its premises during the duration of this (the) contract any other make of paper patterns" than those of the plaintiff. The learned Appellate Division, one of the judges dissenting, overruled the demurrers on this ground, holding that the court should extend its remedy as far as it is able and thus prevent the principal defendant not only from making money by breaking its agreement, but from inflicting

a double wrong upon the plaintiff by depriving it of the right to sell and conferring that right on a business competitor. We think this is a sound and just conclusion, because it will compel the Siegel-Cooper Company to either perform its agreement, or lose all benefit from breaking it and at the same time will shield the plaintiff from part of the loss caused by the breach, if persisted in. (*Lumley* v. *Wagner*, 1 De Gex, M. & G. 604; *Donnell* v. *Bennett*, L. R. [22 Ch. Div.] 835; *Montague* v. *Flockton*, L. R. [16 Eq.] 189; *Singer Sewing-Machine Co.* v. *Union Button-hole & E. Co.*, 1 Holmes, 253; *Chicago & A. R. Co.* v. *N. Y., L. E. & W. R. Co.*, 24 Fed. Rep. 516, 521; *Goddard* v. *Wilde*, 17 Fed. Rep. 846; *Western Union Tel. Co.* v. *Union Pacific R. Co.*, 3 Fed. Rep. 423, 429; *Western Union Tel. Co.* v. *Rogers*, 42 N. J. Equity, 311.)

The injunction, when granted, may not be absolute, but may be based on some equitable condition that will prevent either party from taking advantage of the other, such as the waiver by the plaintiff of the breach of the contract by the principal defendant. The question raised by the demurrer does not relate to any matter of discretion or propriety, but to the power of the court to grant any relief, conditional or otherwise. We are satisfied with the opinion below upon the subject, and should adopt it as our own without comment, but for a point, not thus far considered, which seems to us a conclusive answer to the demurrers, and which, if overlooked, might lead to some confusion. The action is for the specific performance of a lawful contract, duly executed by both the parties thereto. It is capable of performance by both, and there is no reason for non-performance by either. A court of equity has jurisdiction of such actions, and the complaint sets forth the contract — readiness to perform on one side, a refusal to perform on the other, and facts showing no adequate remedy at law. A complete cause of action is, therefore, alleged, and the only reason for not awarding general relief to the plaintiff is that its nature is so complicated as possibly to require a multiplicity of orders by the court in its efforts

to. superintend the details of an extensive and peculiar business. This fact does not deprive the court of jurisdiction, but justifies a refusal in its sound discretion to exercise it. It confers no right upon either party. The court does not refuse to act because the defendants object to its acting, for it would refuse, under the circumstances, if both parties requested it to proceed; but it refuses because the execution of its decree would require protracted supervision. It is the difficulty of enforcing, not of rendering judgment, that causes it to hesitate. The office of a demurrer is to sweep away a defective pleading, and in the case before us it attacks the substance of the complaint; yet the complaint is good in substance, for it sets forth a cause of action in equity. While it is true that the court, in its discretion, may not hear the cause, or, after a hearing, may refuse relief owing to the difficulty of enforcing its decree, still this does not make the complaint defective, nor authorize a general demurrer, which " must be founded upon the absolute, certain and clear proposition that, taking the charges in the bill to be true, the bill would be dismissed at the hearing." (Beach on Equity Practice, § 225.) Upon the facts before us, it is in the power of the court to enforce the agreement the same as in the case of railroad contracts, but the difficulties attending the enforcement are so great that the court would ordinarily refuse to undertake it, as there is no public interest involved. As there was complete jurisdiction and a perfect cause of action against both defendants, the demurrers must be overruled. (*Coatsworth* v. *Lehigh Valley R. Co.*, 156 N. Y. 451.)

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

All concur.

Order affirmed.