MORRELL v. BALL et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

ASSIGNEE FOR BENEFIT OF CREDITORS—REMOVAL BY ACTION—DEMURRER.
    The question whether an action will lie to remove for misconduct an assignee for the benefit of creditors, and to obtain an accounting, cannot be raised by demurrer to the complaint in such an action, but it is for the court to determine whether the facts pleaded are such that it will permit a trial of the issues.

Appeal from special term, New York county.

Action by Mary C. Morrell against Ernest H. Ball, as assignee of Edward B. Cuthbert, impleaded with others. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

E. F. Bullard, for appellant.
Milton Hopkins, for respondents.

O'BRIEN, J. The action was brought to secure the removal of the assignee for misconduct, and, as incidental thereto, to obtain an accounting; and the facts essential to such a cause of action are set forth in the complaint. It was held, however, that the demurrer was good, for the reason that an action would not lie to obtain such relief, but that the plaintiff's course was to proceed by petition and citation, as required by the general rules of practice. The case upon which such ruling was based is that of Stoerzer v. Nolan, 19 App. Div. 338, 46 N. Y. Supp. 587. It was therein held, as stated in the headnote of the opinion, that, while a creditor proceeding against an assignee for the benefit of creditors may do so by action or by petition and citation, the court "having prescribed the latter form of procedure by its rules, a creditor has no right to insist upon adopting the remedy by action to compel such an accounting. The right of election as to the form of procedure lies with the court, and not with the creditor." That case, however, is not an authority for the proposition that the court has not jurisdiction of such an action; but it only holds that, unless exceptional circumstances are shown, the court should refuse to entertain jurisdiction. The demurrer here was upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and was interposed for the purpose of obtaining a ruling that the court would not assume jurisdiction. This question cannot properly be raised by demurrer, but the court at the trial should determine whether the facts pleaded were of such an exceptional character that it would permit a trial of the issues. Thus it was said in Standard Fashion Co. v. Siegel-Cooper Co., 157 N. Y., at page 68, 51 N. E. 410:

"The office of a demurrer is to sweep away a defective pleading, and in the case before us it attacks the substance of the complaint; yet the complaint is good in substance. * * * While it is true that the court, in its discretion, may not hear the cause, or after a hearing may refuse relief, * * * still this does not make the complaint defective, nor authorize a general demurrer, which 'must be founded upon the absolute, certain, and clear proposition that, taking the charges in the bill to be true, the bill would be dismissed at the hearing.' Beach, Mod. Eq. Prac. § 225. Upon the facts before us, it is in the power of the court to enforce the agreement. * * * As there was complete jurisdiction, and a perfect cause of action against both defendants, the demurrers must be overruled. Coatsworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301."

Our conclusion, therefore, being that the question of whether the court will or will not exercise its jurisdiction cannot properly be raised by demurrer to the complaint, the judgment below was

erroneous, and should be reversed, with costs, and the demurrer overruled, with costs, but with leave to the defendant to withdraw the demurrer and to answer upon payment of the costs. All concur.

## BOEZ v. CLEVELAND SCHOOL-FURNITURE CO.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. PLEADINGS—SEPARATE CAUSES OF ACTION—DEMURRER.
    On demurrer to a complaint containing two causes of action, the sufficiency of each must be considered by itself without reference to the other.

3. CONTRACTS—PLEADING—ATTACHMENT OF WRITTEN CONTRACT.
    Where a written contract was attached to a complaint in an action for its breach, but was not referred to therein, such contract could not be considered in determining whether the complaint stated facts sufficient to constitute a cause of action.

4. SAME—SUFFICIENCY.
    A complaint alleging that on a certain day plaintiff entered into a contract with defendant, to extend for five years; that by defendant's acts plaintiff had been prevented from carrying out his part of the contract, by which breach it had been damaged in the sum of $8,000, for which he demanded judgment,—is insufficient, since neither the nature of the contract, obligations assumed by either party, consideration, nor facts from which a consideration might be inferred were stated, nor could any obligation resting on defendant be implied therefrom.

Appeal from special term, New York county.