(63 App. Div. 428.)

### JOHN W. SIMMONS CO. v. COSTELLO.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. PLEADING—RESIDENCE OF DEFENDANT—ALLEGATION.
    Since Laws 1893, c. 416, provides the city court of Yonkers shall have no jurisdiction unless all the defendants reside in the city, or a town of Westchester county adjoining the city, the complaint in an action in such court must contain an allegation that the defendant resides in such territory.

2. SAME—COMPLAINT—AMENDMENT.
    Where a complaint is bad on demurrer for not showing the court to have jurisdiction of defendant, an amended complaint, served as a matter of right, is a new pleading, and becomes the complaint in the action.

3. SAME—RESIDENCE—ALLEGATION—SUFFICIENCY.
    An amended complaint in an action in the city court of Yonkers, alleging that defendant is a resident of the city of Yonkers, is not demurrable for not alleging him to have been a resident when the action was commenced.

Appeal from city court of Yonkers.

Action by the John W. Simmons Company against Edward W. Costello. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Oliver H. P. Merritt, for appellant.
F. X. Donoghue, for respondent.

JENKS, J. This action was begun in the city court of Yonkers by service of a summons and a complaint. Four days thereafter the defendant demurred that the court did not have jurisdiction, and upon the following day the plaintiff served an amended complaint, which contained this additional allegation: "That the defendant is a resident of the city of Yonkers, New York." The defendant thereupon demurred that the court had not jurisdiction of the action, and his demurrer was sustained. The point raised is that the amended complaint does not allege that "at the time the action was commenced the defendant was a resident of Yonkers, or of a town of Westchester county adjoining the city." The allegation of residence is essential, because the court is of limited jurisdiction. Chapter 416, Laws 1893. But I am of opinion that the allegation is sufficient. The amended complaint was a new pleading, served as a matter of right, and became the complaint in this action. Penniman v. Fuller & Warren Co., 133 N. Y. 442–444, 31 N. E. 318, and

authorities cited. The allegation of the residence of the defendant is presumed to refer to his residence at the time of the commencement of the action, unless controlled by other allegations showing that a different date was intended. Barker v. Steamship Co., 91 Hun, 495, 36 N. Y. Supp. 256. The pleading, which is the ordinary complaint in an action upon a promissory note made by the defendant, contains no allegation which disturbs this presumption. The judgment is reversed, with costs. All concur.