AMERICAN ELECTRICAL WORKS *vs.* VARLEY DUPLEX MARGET COMPANY.

PROVIDENCE—JULY 28, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Equity. Specific Performance. Injunctions.*

Where the remedy at law is inadequate, and the case is such that the negative remedy of injunction will do substantial justice between the parties by obliging the defendant either to carry out his contract or lose all benefit of the breach, and there is no reason of policy against it, the court will restrain conduct which is contrary to the contract, although it may be unable to enforce specific performance of it.

A bill in equity alleged that complainant, relying upon its right to use patented machinery and processes of respondent, had expended about fifty thousand dollars in material which would become practically useless if the machinery was removed and had entered into contracts to supply the product of the machinery to the extent of about seventy thousand dollars; and that to fulfill the contracts it needed the continued use of the machinery, and that a failure to perform these contracts would injuriously affect the reputation of complainant among customers and prospective customers and tend to prevent complainant from obtaining business; that respondent threatened to remove the machinery from the premises of complainant. The bill prayed for specific performance and for an injunction. On demurrer:—

*Held*, that, while possibly the damages arising from the removal of the machinery might be susceptible of estimation, there was no method of computation by which the damages arising from the failure of complainant to perform its contracts could be determined.

*Held,* further, that the effect of the injunction sought would not necessarily be to compel specific performance, but simply to prevent respondent from the performance of acts which would lessen or destroy executed contractural rights acquired by complainant.

*Held,* further, that, so far as the bill prayed for an injunction against the present removal of the machinery, it would be sustained.

BILL IN EQUITY, on grounds set forth in opinion. Heard on demurrer to bill, and demurrer overruled.

TILLINGHAST, J. Under the allegations contained in this bill, which, of course, the demurrer admits to be true, we are of opinion that the complainant is entitled to the injunction asked for, even though it may not be entitled to specific performance of the contract set out in the bill, on the ground that the complainant is clearly without any adequate remedy at law in the premises. For the damages which the plaintiff would evidently sustain by a breach of the contract are clearly not susceptible of computation. *West Moreland Natural Gas* v. *DeWitt,* 130 Pa. St. 235.

(1) It appears that the complainant, relying upon its right to use the patented machinery and processes of the respondent, has expended about fifty thousand dollars in material which will become practically useless if the patented machinery is removed from its present location. Possibly, to that extent, the damages are susceptible of estimation. But it also appears that the complainant has entered into contracts to supply the product of this machinery to the extent of about seventy thousand dollars. And it is alleged in the bill that to fulfill these contracts the complainant needs the continued use of the respondent's machinery, and that a failure to perform these contracts will seriously and injuriously affect the reputation of the complainant among customers and prospective customers, and will tend to prevent the complainant from obtaining business and profit therefrom. And there is no method of computation by which the pecuniary damages resulting from this injury can be determined. But the remedy by injunction practically and efficiently preserves the rights of both complainant and respondent.

The respondent, however, contends that the injunction

should not be granted, because it would result in compelling indirectly a specific performance of the contract in the case, where the court would not directly order such performance.

We do not think that this contention is in accord with the best and most modern authorities. The following cases, amongst others which might be cited, sustain the complainant's position. *Lumley* v. *Wagner*, 1 D. M. & G. 616; *Great Northern Ry. Co.* v. *Manchester S. & L. Ry. Co.*, 5 DeGex. & S. 138; *Singer Sew. Mach. Co.* v. *Union Button Hole & Em. Co.*, Fed. Cas., No. 12,904; *Western Union Tel. Co.* v. *Union Pac. Co.*, 3 Fed. Rep. 423; *Chicago & A. Ry. Co.* v. *N. Y., L. E. & W. R. Co.*, 24 Fed. Rep. 516; *Brush-Swan Co.* v. *Brush El. Co.*, 41 Fed. Rep. 163; *Joy* v. *St. Louis*, 138 U. S. 1; *Franklin Tel. Co.* v. *Harrison*, 145 U. S. 459; *Union Pac. R. Co.* v. *Chicago, R. I. & P. Co.*, 163 U. S. 564; *Niagara Falls Int. Bridge Co.* v. *Gt. Western Ry. Co.*, 39 Barb. 212; *Traitel Marble Co.* v. *Chase*, 71 N. Y. Sup. 628; *Standard Fashion Co.* v. *Siegel Cooper Co.*, 157 N. Y. 60; *Southern R. Co.* v. *Franklin & P. R. Co.*, 96 Va. 693; *Ches. & P. Tel. Co.* v. *City of Baltimore*, 90 Md. 638.

A very clear and well-considered statement of the law upon the question under consideration according to the most modern authorities is to be found in the opinion of Judge Lowell in *Singer Sew. Mach. Co.* v. *Union But. & Em. Co.*, supra, in which he says: "The two points of law are not without difficulty. The relief asked is specific performance and injunction. It is argued with great ability by the defendants, that the complainant is not entitled to specific performance, and that, therefore, it can not have an injunction which is merely auxiliary. Granting the premises, I am not prepared to concede the conclusion. If the court can not order a contract for the making of button-hole machines to be specifically performed by reason of the impossibility of superintending the details of such a business, it does not follow that the bill may not be retained as an injunction bill. It was formerly thought that an injunction would not be granted to restrain the breach of any contract unless the contract were of such a character that the court could fully enforce the performance of it on both sides." (Judge Lowell here examines the authorities and the develop-

ment of the modern rule, and then proceeds) "I think the fair result of the later cases may be thus expressed: If the case is one in which the negative remedy of injunction will do substantial justice between the parties by obliging the defendant either to carry out his contract or lose all benefit of the breach, and the remedy at law is inadequate and there is no reason of policy against it, the court will interfere to restrain conduct which is contrary to the contract, although it may be unable to enforce a specific performance of it."

The views thus expressed by Judge Lowell have been approved and the decision followed in *Chicago & A. Ry. Co.* v. *N. Y., L. E. Etc., R. R. Co., supra;* in *Brush-Swan Co.* v. *Brush El. Co., supra:* and in *House* v. *Clemens*, 9 N. Y. Supp. 484.

The effect of the injunction asked for in the case before us would not necessarily be to compel specific performance of the contract in question, but simply to prevent the respondent from the performance of acts which would lessen or destroy executed contractual rights which the complainant has acquired from respondent.

As well stated by counsel in his brief: "The respondent has performed its contract by placing machinery in the complainant's factory to be used by the complainant for their joint benefit. The complainant has in consequence expended large sums of money, and has assumed obligations of such size and nature, that the damage to complainant, if compelled to break its contracts, or if unable to make and perform new contracts, can not be estimated in money."

The respondent now threatens to injure complainant in two respects, viz.: (1) to prevent the fulfillment of present obligations of the complainant, and thereby injure its general business reputation; and (2) to destroy its power to receive profits from future business.

The methods by which the respondent threatens to accomplish these purposes are, first, by removing from the premises of the complainant the machinery essential to enable it to perform its contracts with its customers; and, second, by issuing a circular letter intended to deter prospective customers from

purchasing from the complainant goods manufactured by it under the respondent's license.

Upon the averments of the bill as admitted to be true upon this demurrer, we are of the opinion that the bill can be maintained so far as it prays an injunction against the present removal of the machinery in question.

Whether the complainant is entitled to the remedy by injunction to restrain the issuing of the circular letter complained of is a different question, and one which it is not now necessary to determine.

Demurrer overruled.

*Van Slyck & Mumford*, for complainant.

*Edwards & Angell*, for respondent.