(67 Misc. Rep. 568.)

WILLIS CAB & AUTO CO. v. THE ABBAYE et al.

(Supreme Court, Special Term, New York County. May, 1910.)

1. INJUNCTION (§§ 59, 136*)—INTERFERENCE WITH CONTRACT.

Where the proprietor of a restaurant by contract gave a motor car company the exclusive right to maintain a general carriage service in front of its premises for one year, and a license was issued to the cab company by the city authorities upon the restaurant proprietor's consent, and the proprietor during the term of the contract, without substantial failure to perform on the part of the cab company, attempted to have the license revoked, the cab company could sue to enjoin its licensor and the subsequent licensee from interfering with its rights under the contract, and have a preliminary injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 114–116; Dec. Dig. §§ 59, 136.*]

2. CONTRACTS (§ 316*)—BREACH—WAIVER.

Where the proprietor of a restaurant granted the exclusive right to a cab company to maintain a stand in the street in front of its establishment, and subsequently requested the municipal authorities to grant a license to the cab company, the proprietor thereby waived any previous failure of the cab company to perform its agreement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1382–1395; 1480–1492; Dec. Dig. § 316.*]

Action by the Willis Cab & Auto Company against The Abbaye and another. Motion for an injunction. Motion granted.

Lexow, Mackellar & Wells, for plaintiff.
Leonard Bronner, for defendant The Abbaye.
Arthur W. Opp, for United States Motor Cab Company.

ERLANGER, J. On December 27, 1909, the plaintiff by contract with the defendant The Abbaye, which carries on the business of a restaurant and café, secured the sole and exclusive license for one year from January 1, 1910, to maintain and conduct a general carriage

service station in front of its, The Abbaye's, premises. It undertook to pay to The Abbaye 10 per cent. of all fares collected from guests of the café, guaranteeing a minimum payment of $1,500 for the year. Subsequently, with The Abbaye's consent, the bureau of licenses of the city issued licenses to the plaintiff to keep and use hack stands in front of The Abbaye's premises. About April 27 or 28, 1910, The Abbaye notified the bureau of licenses that it had revoked the privilege granted plaintiff and had given the privilege to the United States Motor Cab Company, a rival concern. This motion is to enjoin both defendants from interfering with plaintiff's exclusive license to the use of said special hack stands.

It would seem that an abutting property owner cannot derive revenue by undertaking to barter away an exclusive use to the public highway and thereby exclude all others from the enjoyment of a privilege which belongs to the general public, even though it is claimed that the right exists through an ordinance. McMillan v. Klaw & Erlanger C. Co., 107 App. Div. 407, 95 N. Y. Supp. 365; Ackerman v. True, 175 N. Y. 353, 67 N. E. 629; City of New York v. Rice, 198 N. Y. 124, 91 N. E. 283. I feel constrained, however, to follow Odell v. Bretney, 62 App. Div. 595, 71 N. Y. Supp. 449. Within the rule declared by that authority the plaintiff has made out a case for an injunction pendente lite. In opposition to the motion the defendant The Abbaye claims that shortly after the contract was executed it became apparent that the plaintiff was financially embarrassed and could not and did not render proper or adequate service; but, notwithstanding this claim, The Abbaye on the 11th day of February, 1910, notified the chief of bureau of licenses to issue to the plaintiff a permit for the exclusive placing of its vehicles in front of The Abbaye's premises. This was clearly a waiver of any claimed failure on plaintiff's part to adequately perform its contract prior to said date. The defendants have not satisfied me that following February 11, 1910, there has not been a substantial performance of the contract by the plaintiff. The objection that the plaintiff's remedy is at law for damages and not in equity for a specific performance through injunctive relief is disposed of by the cases of Standard Fashion Co. v. Siegel-Cooper Co., 30 App. Div. 564, 52 N. Y. Supp. 433, affirmed 157 N. Y. 60, 51 N. E. 408, 43 L. R. A. 854, 68 Am. St. Rep. 749; Waldorf-Astoria S. Co. v. Salomon, 109 App. Div. 65, 95 N. Y. Supp. 1053, affirmed 184 N. Y. 584, 77 N. E. 1197.

Motion granted.