## CURRAN v. ARP et al.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

1. COURTS (§ 15*)—JURISDICTION—COUNTY COURTS—ALLEGATION OF JURISDICTIONAL FACTS.

As a County Court is a court of limited jurisdiction, a complaint in that court must contain averments establishing its jurisdiction, including that of residence, where that is required, as in a case under Code Civ. Proc. § 340, subd. 3.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 45; Dec. Dig. § 15.*]

2. PLEADING (§ 34*)—COMPLAINT—ALLEGATIONS AS TO TIME.

The allegations of time in a complaint are presumed to refer to the conditions existing when the action is begun, in the absence of allegations showing that a different date was intended.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 34.*]

3. COURTS (§ 15*)—COUNTY COURTS—JURISDICTION—COMPLAINT—ALLEGATION OF RESIDENCE.

The allegation in a complaint before a County Court that defendants "are" residents of the county is equivalent to alleging that they were residents of that county at the time of the commencement of the action, though the service of summons was after the complaint was verified, and therefore is a sufficient showing, under Code Civ. Proc. § 340, subd. 3, providing that jurisdiction of a County Court extends to defendants who are residents of the county "at the time of the commencement of the action," to give the County Court jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 45; Dec. Dig. § 15.*]

4. COURTS (§ 170*)—COUNTY COURTS—JURISDICTION—AMOUNT INVOLVED—COMPLAINT—PRAYER FOR JUDGMENT.

A complaint in the County Court, demanding judgment for a certain amount against "each and both of the defendants," was not defective as demanding three times the amount designated, which would be beyond the jurisdiction of the County Court, since from a fair construction of the allegation the amount mentioned was the one requested.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 170.*]

Appeal from Kings County Court.

Action by Mary Ann Curran against Max F. Arp and another. From an order denying the named defendant's motion for judgment on the pleadings, he appeals. Affirmed.

See, also, 125 N. Y. Supp. 993.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Francis A. McCloskey, for appellant.

Francis R. Stoddard, Jr. (George F. Hurd, on the brief), for respondent.

BURR, J. This action is brought in the County Court of Kings County, and the appeal is from an order of that court denying defendants' motion for judgment on the pleadings.

Inasmuch as the County Court is a court of limited jurisdiction, the complaint must contain averments of the necessary jurisdictional facts, including that of residence. Const. art. 6; Code Civ. Proc. § 340, subd. 3; Gilbert v. York, 111 N. Y. 544, 19 N. E. 268.

The complaint alleges that "the defendants are residents of the county of Kings." Criticism is made upon its sufficiency, because it does not contain the additional words, which appear in the statute (Code of Civil Procedure, supra), "at the time of the commencement of the action." An action is commenced by the service of a summons, or the voluntary general appearance of the defendant therein. Code Civ. Proc. §§ 416, 424. For certain other purposes, not necessary here to consider, it may be deemed to be commenced even before either act. If, as is usually the case, a complaint is verified before the actual service of the summons, or the appearance of the defendant, it would be impossible strictly and literally to comply with the Code provision, since it would involve a statement respecting a future condition.

But allegations of time in a complaint are presumed to refer to the conditions existing when the action was begun, unless controlled by other allegations showing that a different date was intended. Barker v. Cunard Steamship Co., 91 Hun, 495, 36 N. Y. Supp. 256, affirmed 157 N. Y. 693, 51 N. E. 1089. When, subsequently to the service of the summons, an amended complaint was served, which contained an allegation that the defendant *is* a resident of the city of Yonkers, it was held that it was equivalent to an allegation that at the time of the commencement of the action he was such resident. Simmons Co. v. Costello, 63 App. Div. 428, 71 N. Y. Supp. 577. Ex necessitate an allegation in a complaint, verified before the service of the summons, that the defendants *are* residents of the county of Kings, must be equivalent to an allegation that at the time of the commencement of the action they are such residents. Burns v. O'Neil, 10 Hun, 494.

Further criticism is made upon the complaint because in the prayer plaintiff demands judgment against "each" and "both" of the defendants for the sum of $2,000. Defendant contends that this is equivalent to demanding judgment for three amounts, of $2,000 each, and that for that reason the County Court has no jurisdiction. A fair construction of the complaint is that plaintiff seeks to recover but one sum, and that $2,000. If we transpose the words of the prayer, so that it reads "the plaintiff demands judgment for the sum of $2,000 against each and both of the defendants," this is perfectly clear.

The order must be affirmed. All concur.