MALTIN v. ROYAL PETTICOAT CO.

(Bronx County Court. April, 1914.)

1. COURTS (§ 184*)—COUNTY COURT—JURISDICTION—EFFECT OF APPEARANCE.

    Notwithstanding Code Civ. Proc. § 421, providing that defendant's appearance must be made by serving a notice of appearance or a copy of a demurrer or answer, where a complaint in County Court failed to allege that defendant was a resident of the county, the filing of a demurrer on the ground that the complaint failed to show jurisdiction of the defendant and of the subject of the action was not a waiver of the jurisdictional question.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 184.*]

2. COURTS (§ 184*)—COUNTY COURTS—JURISDICTIONAL ALLEGATIONS.

    Under Const. art. 6, § 14, providing that the Legislature may enlarge the jurisdiction of county courts, but that it shall not be so extended as to authorize an action for the recovery of money only where any nonresident of the county is a defendant, and Code Civ. Proc. § 340, giving county courts jurisdiction where the defendant or all of them are residents of the county and the complaint demands judgment not exceeding $2,000, if the complaint fails to allege defendant's residence in the county, it is presumed that he is a nonresident, and the complaint is demurrable for want of jurisdiction and for insufficiency.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 184.*]

Action by Minnie Maltin against the Royal Petticoat Company. On motion by plaintiff for judgment on the pleadings. Motion denied, and demurrer to the complaint sustained.

Joseph P. Segal, of New York City, for plaintiff.
Abraham I. Spiro, of New York City, for defendant.

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIBBS, J. This is a motion made by the plaintiff for judgment on the pleadings, which consists of a complaint and a demurrer.

[1] The plaintiff has brought an action in this court to recover damages for an alleged breach of contract of employment; the complaint setting forth that the defendant is a domestic corporation, organized and existing under the laws of this state, but does not state the other jurisdictional facts required by sections 340 and 341 of the Code of Civil Procedure. The defendant has interposed a demurrer to the complaint on the ground that it does not appear from the same that the court has jurisdiction of the defendant and of the subject of the action. The plaintiff opposes this view and contends that the service of the demurrer constituted a general appearance and was a waiver of any defect in the service of the summons and complaint and refers to section 421 of the Code of Civil Procedure, which sets forth what constitutes an appearance and how it may be made. The plaintiff further contends that the service of the demurrer waived the essential allegation of the residence of the defendant, and that in law the defendant cannot now question the jurisdiction of the court over his person. And the plaintiff proceeds on the theory that his position is maintained by the case of Meyers v. American Locomotive Co., 201 N. Y. 163, 94 N. E. 605, a late expression of opinion by the Court of Appeals as to the jurisdictional facts required in the County Courts of this state. It is my opinion that the defendant misconstrues the position taken by the Court of Appeals in this connection. Indeed, it seems that the Court of Appeals in this case distinctly holds that the question of jurisdiction must be raised by demurrer. Bartlett, J., speaking for the court, states:

"There is no doubt under the authorities that in the absence of an effective waiver such an allegation as to the defendant's residence was a prerequisite to the assumption of jurisdiction of the person of the defendant; and that in its absence the defendant might have demurred or declined to appear and answer the complaint."

But in the case of Meyers v. Am. Locomotive Co. the objection of the jurisdictional facts (residence of the defendant) was waived by appearing and answering upon the merits, without raising it. And Judge Bartlett in distinguishing between jurisdiction over the person and jurisdiction over the subject-matter lays down the rule that if the jurisdiction relates to the person the objection may be waived by the interposition of an answer upon the merits containing no suggestion of any jurisdictional defect in the complaint.

The situation in this case is that the plaintiff fails to show the necessary facts (residence of the defendant) which gives this court jurisdiction, and the defendant properly raises the question by demurrer. Now the plaintiff claims that by so doing the defendant has waived the question of the jurisdiction of this court. This is not the law as I understand it, nor does it seem to be consistent with common sense. To hold that when by demurrer you attack the jurisdiction of the court you at the same time waive your rights under the same is inconsistent with all the canons of logic.

"A demurrer admits all the allegations, but it admits nothing but what is material and well pleaded. * * * Moreover, a demurrer is only a technical

admission and does not involve any confession." Groesbeeck v. Dunscomb, 41 How. Prac. (N. Y.) 302–321.

"The office of a demurrer is to sweep away a defect of pleading." Morrell v. Ball, 45 App. Div. 584, 61 N. Y. Supp. 405, citing Standard Fashion Co. v. Siegel-Cooper Co., 157 N. Y. 60, 51 N. E. 408, 43 L. R. A. 854, 68 Am. St. Rep. 749.

[2] There being no allegation in the complaint that the Royal Petticoat Company, the defendant, is a resident of the county of the Bronx, it must be assumed that it is not in fact a resident of the county.

Article 6, § 14, of the state Constitution prescribes the jurisdiction of the County Courts and makes it a part of the organic law that, while the Legislature may enlarge or restrict the jurisdiction of the county courts, it shall not be so extended as to authorize an action for the recovery of money only in which the sum demanded exceeds $2,000 or where any person not a resident of the county is a defendant.

It therefore cannot be questioned that the complaint must show jurisdiction by alleging residence of the defendant wherever that is required in actions for a sum of money only. Curran v. Arp, 141 App. Div. 38, 125 N. Y. Supp. 758.

The County Court is a court of limited (statutory) jurisdiction, and unless the jurisdictional facts are alleged in the complaint the presumption is that the court is without jurisdiction. Thus where a complaint does not allege that the defendants are residents of the county, a demurrer may properly be raised on the ground that the complaint does not state facts showing jurisdiction of the person of the defendant and does not state facts constituting a cause of action.

This rule was laid down in the old case of Frees v. Ford, 6 N. Y. 176, and seems to have been consistently followed. If there is no allegation in the complaint as to the residence of the defendant, there is an affirmative presumption that the defendant was not a resident of the county when the action was commenced. This phase of the jurisdiction of the County Court was fully and ably discussed in Perlman v. Gunn, 41 Misc. Rep. 166, 83 N. Y. Supp. 986, where the court stated:

"Residence in the county must be a fact to give this court jurisdiction in an action to recover a sum of money only, and that neither omission nor consent of the parties can or will do it. Furthermore residence within the county is not presumed but must appear on the face of the pleading"—citing Gilbert v. York, 111 N. Y. 544, 19 N. E. 268.

In this case, the defendant being a domestic corporation and a resident of the county of New York, the jurisdiction of this court is governed by section 341 of the Code of Civil Procedure. Heenan v. N. Y., W. S. & B. R. R., 34 Hun (N. Y.) 602.

For the reasons above stated, the motion for judgment on the pleadings is denied, and the demurrer is sustained, with costs.