### LAWRENCE v. DIXEY.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

1. INJUNCTION—CONTRACTS—NEGATIVE COVENANTS.

Though equity will restrain an actor, under contract to perform for one and under an agreement not to perform for another, from performing for any other during the period of the contract, an application for equitable relief is addressed to the sound discretion of the court, and will not be granted where the party seeking relief is not specifically bound by the contract, so that the obligations are reciprocal and enforceable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27; Injunction, §§ 117–119.]

2. SAME.

Plaintiff engaged an actor as a star for three years, and agreed to pay him 8 per cent. of the gross receipts for the first season and 10 per cent. for the subsequent two seasons. The first season was to begin on a specified date, but there was no provision as to when the subsequent sea-

sons were to commence; nor was there any express obligation of plaintiff to pay to the actor any salary, nor any agreement by the actor that he would not play for any one else, or on his own account. *Held*, that the contract in relation to the *second and third years* was indefinite, and lacked the mutuality essential to entitle plaintiff to relief in equity to restrain the actor from performing for another during the period of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 117–119.]

3. SAME.

Where a contract engaging an actor to perform for one during a specified number of seasons does not contain a covenant binding the actor not to act between the seasons, equity will not restrain him from acting for others between the seasons.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 117–119.]

Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by Walter N. Lawrence against Henry E. Dixey. From an order continuing a temporary injunction, defendant appeals. Reversed, and motion for a temporary injunction denied.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Henry Wollman, for appellant.
Sampson H. Weinhandler, for respondent.

INGRAHAM, J. On September 12, 1905, the parties to this action entered into a contract evidenced by a letter written by the plaintiff to the defendant, accepted by the defendant, and which is as follows:

"Sept. 12/05.

"Mr. Henry E. Dixey—Dear Sir: I hereby engage you as a star for a period of three years, you to receive the first year in lieu of salary, eight (8) per cent. of the gross receipts; and I agree that your share shall not be less than $300 per week, I to pay one-half of all except modern costumes required in each play. Your first season will open not later than October 9, 1905, and shall continue so long as the gross receipts do not fall below $4,000 weekly, in which event we shall mutually consult as to the advisability of closing or continuing each season. After the first season your percentage of the gross receipts shall be ten per cent. (10%).                     W. N. Lawrence.

"I accept the offer.
          "Henry E. Dixey."

The parties acted under this contract until about the 9th of March, 1907, when the defendant refused to further perform the contract, whereupon this action was brought. There is no claim to recover any damages, but the relief demanded is an injunction restraining the defendant from performing for any person other than the plaintiff during the time mentioned in the contract annexed to the complaint, and that pending the action a temporary injunction issue. Upon the complaint and an affidavit a temporary injunction was granted, restraining the defendant "from rendering services as an actor to any person other than the plaintiff in this action until the further order of this court," with an order to show cause why this injunction should not be continued until final judgment. Upon the hearing of this motion this

injunction was continued, and it was further ordered that the defendant, Henry E. Dixey, "is hereby enjoined and restrained during the pendency of this action from rendering services as an actor to, or appearing as an actor for, any other person other than the plaintiff, but not longer in any event than until the end of the theatrical season during the year 1907–1908," upon the plaintiff giving a bond in the sum of $5,000; and from this order the defendant appeals.

The contract, as will be noticed, consisted solely of an engagement of the defendant "as a star for a period of three years"; the defendant to receive in lieu of salary 8 per cent. of the gross receipts, which should not be less than $300 per week, for the first season, and 10 per cent. of the gross receipts for the subsequent two seasons. The first season was to open not later than October 9, 1905, and was to continue as long as the gross receipts did not fall below $4,000 weekly. There was no provision as to when the subsequent seasons were to commence or end. There was no express obligation of the plaintiff to organize any company, provide any theater, or produce any play—no positive engagement to pay to the plaintiff any salary or compensation. There was no agreement by the defendant that he would not play for any one else, or on his own account. No negative covenants are contained in the contract, and the plaintiff justified an appeal to a court of equity upon the allegations in the complaint that the defendant is hopelessly insolvent and that any judgment which might be rendered against him in an action at law would be "uncollectible," and that the plaintiff has no adequate remedy at law, for the reason that the damages he has sustained are uncertain and impossible of ascertainment.

It is elementary that contracts for personal service cannot be specifically enforced by a court of equity (Standard Fashion Co. v. Siegel-Cooper Co., 157 N. Y. 60, 51 N. E. 408, 43 L. R. A. 854, 68 Am. St. Rep. 749); but because of the special nature of contracts for the employ of actors or singers, although the affirmative contract cannot be enforced, courts of equity have enforced negative covenants, either express or implied, where there was no legal remedy for a breach of a contract, and where, upon the nature of the case, the parties to the contract, ready and willing to perform, have no remedy, except to prevent the breach of the negative covenants. But whether or not a court of equity will grant equitable relief in an action of this character is always addressed to the sound discretion of the court, and could never be enforced unless the parties seeking to enforce it are specifically bound by the contract, so that there are enforceable reciprocal obligations, which are definite and enforceable. A court of equity should never by injunction imply obligations on one party when there are no clear and definite obligations imposed upon the other party to the contract. It may be that for the first season there was a definite arrangement for a particular period, which could be ascertained; but for the remaining two years there is nothing in the contract from which the period of employment could be ascertained. It is not claimed—and the plaintiff certainly would repudiate such claim—that the defendant would be entitled to $300 for every week of the year. That certainly was not within the contemplation of the parties; but it is

difficult to see upon what basis any other obligation was assumed by the plaintiff under this contract. He was not bound to commence the season at any time, was not bound to continue the season for any time, and there is no satisfactory evidence in this case that there was any usage in the theatrical profession as to when a season should commence, or when it should end. If the plaintiff had closed his theatrical season of the second year at the end of the twenty-eighth week, at the time the defendant refused longer to act, upon the facts as they appear, I do not see that the plaintiff would not have been liable to continue to pay the minimum amount that defendant was to receive for any particular period. There is no statement that this defendant intended to continue this theatrical venture during the summer, or any longer than he considered it would be to his advantage to so continue it. Certainly, as I view it, this contract in relation to the second and third year is indefinite as to the obligation upon the plaintiff, and there is, therefore, the lack of mutuality which is always essential to the enforcement of any contract by a court of equity.

Whether or not this defendant will be bound to act for the plaintiff under this contract for the season commencing in the fall of 1907, it is not necessary now to determine. That question can be settled upon the trial of the action, which can be had before the season of 1907 commences, and no temporary injunction is necessary at this time to prevent a breach by the defendant of his contract for that season, if there is a contract which can be enforced in this action. But it seems to me that a temporary injunction is now quite unnecessary for the protection of the plaintiff's rights, and should not then have been granted. As to the right of the plaintiff to enjoin the defendant from acting between the seasons during the period which the plaintiff insists he is not bound to pay, that, it seems to me, is entirely without jurisdiction. There can be no implied covenant that during the period of the year that is not covered by this contract the defendant should not do what he liked and play for others if he pleased. If the plaintiff had desired to restrain the defendant from performing for others when he was not to perform for the plaintiff, and when the plaintiff was not to pay him for performing, he should have inserted such a clause in his contract. I think, therefore, that we should reverse this order granting the injunction, without definitely determining whether or not the defendant is bound for the season commencing in the fall of 1907, leaving that question to be determined upon the trial of the action.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion for a temporary injunction denied, with $10 costs, and without expressing any opinion that could influence the trial court as to the obligation of the defendant to perform the contract for the period for the seasons of 1907 and 1908.

PATTERSON, P. J., and McLAUGHLIN and LAMBERT, JJ., concur.

CLARKE, J. (dissenting). I think the written contract sufficiently definite for enforcement, and the character of the services to be render-

ed by the defendant is such as to bring the case within equitable cognizance for the protection of the plaintiff by injunction. I think, however, that the injunction is too broad, and should be limited to the theatrical season. The order appealed from should therefore be modified, so as to provide that the defendant be enjoined and restrained during the regular theatrical season during the pendency of this action from rendering services as an actor to or appearing as an actor for any person other than the plaintiff, but no longer in any event than until the end of the theatrical season during the year 1907–08, and, as so modified, affirmed.