### SHUBERT THEATRICAL CO. v. COYNE.

(Supreme Court, Special Term, New York County. September 11, 1908.)

INJUNCTION (§ 137*)—PRELIMINARY INJUNCTION—GROUNDS FOR DENIAL.

 In an action by a theatrical company to enforce a contract with an actor, by which the company agreed to pay the actor for the time actually spent in the service of the company, but which forbade his performing services in his profession for any other person, an injunction pendente lite restraining defendant from violating the agreement will not be granted, as the contract sought to be enforced is unfair and lacks mutuality.

 [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 307; Dec. Dig. § 137.*]

Action by the Shubert Theatrical Company against one Coyne. Plaintiff moved for an injunction pendente lite. Motion denied.

William Klein, for plaintiff.
Dittenhoefer, Gerber & James, for defendant.

BISCHOFF, J. The contract in suit obligated the defendant to hold himself at the plaintiff's disposal during the theatrical season of each year, to be fixed by the latter, and provided for his remuneration as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Second. The party of the first part agrees to pay to the party of the second part for such services when satisfactorily rendered to the party of the first part, and upon compliance by the party of the second part with the conditions of this agreement, for each and every week that he shall actually publicly appear and perform, the sum of $300 per week."

The use of the word "actually" in this clause necessarily so limited the defendant's right to his compensation that the contract was of no value to him in the event of the plaintiff's failure to call for his services; and, while he was forbidden by the agreement from performing services in his profession as an actor for any other person, he, in his turn, could not require the plaintiff to employ or pay him. For the purposes of an action such as this, in which an injunction is sought, to the end that the defendant may specifically perform, the plaintiff must show that the contract sought to be enforced is fair and reasonable, and the court will not direct specific performance of an agreement which is wholly one-sided, and, from its very character, lacking mutuality. Lawrence v. Dixey, 119 App. Div. 296, 104 N. Y. Supp. 516. The relief sought by injunction pendente lite would afford the plaintiff the full remedy of specific performance which could be obtainable by final judgment, and the case presented is not of sufficient probable merit to justify the granting of the application.

Motion denied, with $10 costs.