---

KENYON v. WEISSBERG et al.

(District Court, S. D. New York. February 20, 1917.)

No. 44.

1. EQUITY ⬦66—MAXIMS.

The maxims, that he who goes into a court of equity must go with clean hands, and that he who has not done equity cannot have equity, have given rise to the rule that a court of equity will refuse to grant relief to one who, in the matter or transaction concerning which he seeks aid, has been wanting in good faith, honesty, or righteous dealing; a court of equity being a court of conscience.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 188–190.]

2. SPECIFIC PERFORMANCE ⬦32(3)—UNILATERAL CONTRACT—EMPLOYMENT OF ACTOR.

A contract providing for defendant's employment as a motion picture actor, which entitled plaintiff to defendant's services for a period of five years, which gave defendant no right to compel plaintiff to perform, plaintiff being entitled to assign the contract or dismiss defendant at his pleasure, and providing that defendant should receive no compensation when not acting, without fixing any period for which employment should be furnished, is lacking in mutuality, and specific performance will not be enforced by injunction.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 92–98.]

3. SPECIFIC PERFORMANCE ⬦32(3)—MUTUALITY OF CONTRACT—EMPLOYMENT—OPTION OF EMPLOYER.

Specific performance of a contract will be refused, where the other party at its option may decline to carry out its provisions. Therefore, where the contract of employment authorized the employer at his option to dispense with the services of the employé, specific performance will not be enforced at the suit of the employer.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 92–98.]

4. SPECIFIC PERFORMANCE ⬦51—MUTUALITY OF CONTRACT.

Where a contract of employment allowed the employer to assign the contract, and thus to relieve himself of financial liability, regardless of the assignee's responsibility, the contract is unfair and unjust, and equity will not aid in its enforcement.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 153, 154.]

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by Harry Kenyon against Roy B. Weissberg and another. Preliminary injunction denied.

House, Grossman & Vorhaus, of New York City, for plaintiff.
David L. Podell, of New York City, for defendants.

MANTON, District Judge. The defendant Weissberg is a professional actor, known as "Billy West," and is called throughout the contract "the artist." The contract provides for his employment as a "sole" star of motion pictures. The plaintiff here seeks to enjoin Weissberg from entering the employment of the codefendant. The third paragraph of the contract provides:

"It is agreed that the manager shall have the privilege to assign this contract to any other person, firm or corporation without the written consent of the 'artist' and that in the event of such assignment the said 'manager' shall be relieved from any and all financial liability under the terms and conditions of this agreement."

The fourth paragraph provides:

"It is hereby agreed that the 'artist' shall devote his entire time and attention for the rendition of the services herein agreed to be rendered by him to the utmost of his ability, and to the satisfaction of the manager."

The sixth paragraph provides for a scale of wages commencing in November, 1916, up to and including October 31, 1919.

The eleventh paragraph provides:

" * * * It is expressly understood and agreed that the 'artist' shall receive no compensation for performances in which he does not actually render his services or for non-playing days which should occur because of sickness to him, public calamity, riots or from the acts of God or the public enemy or for such times when the said company for which the 'artist' shall be cast may not be playing or for any other reason the said 'manager' is not responsible for."

The defendants oppose the granting of this preliminary injunction upon the following grounds:

(a) That a court of equity will not decree specific performance in a case where it cannot compel complainant to perform on the ground that such a contract is lacking in mutuality.

(b) That the contract gives the power to one of the parties to dissolve such contract at any time whether legally or otherwise, and is therefore not enforceable in equity.

(c) That the contract is not fair, just, and equal in all its parts.

(d) That the complainant has abandoned the contract by failure to live up to its terms.

[1] A court of equity acts only when and as conscience commands, and if the conduct of the plaintiff be offensive to the dictates of natural justice, then whatever may be the rights he possessed, and whatever use he may make of them in a court of law, he will be held remediless in a court of equity. Weegham v. Killefer (D. C.) 215 Fed. 168.

The often heard maxims, "He who goes into a court of equity must go with clean hands," and "He who has not done equity cannot have equity," have given rise to the rule of law that a court of equity will leave to remedy at law, and will refuse to interpose to grant relief to one who, in the matter or transaction concerning which he seeks aid.

has been wanting in good faith, honesty, or righteous dealing. A court of equity has been said to be the forum of conscience, and an appeal directed to it is an appeal to the moral sense of the judge. In a proper case, the court acts upon the conscience of the defendant and compels him to do that which is just and right.

[2] Examining the provisions of this contract with these simple rules of equity in mind, I am of opinion that the plaintiff is not entitled to the relief he seeks, to wit, a preliminary injunction. It confers a right upon plaintiff to bind Weissberg for a period of five years, but it gives no corresponding right to compel the plaintiff on his part to perform. The plaintiff may discharge Weissberg at any time when the manager determines that his services are not to his satisfaction. Nowhere is it expressed what would constitute satisfaction. If, for any reason, the plaintiff chooses not to continue the contract and finds that the continuance of the contract would result in a financial loss to him, or for any other reason, be it good or bad, he has the right to assign his contract to any person or corporation, whether the assignee be responsible financially or otherwise. This is an inequitable provision. These provisions give undue advantage to the manager against the artist, who is described in the affidavits as unique, well known, and well thought of by the public. The contract provides that the artist is bound to "devote his entire time" and attention for the rendition of services agreed, but his payment is conditioned upon actual performance of service and he is not to be paid for such times when the company for which the artist shall be cast may not be playing. The manager in no way obligates himself to organize a company so that the artist may be cast. I think the contract is lacking in mutuality and specific performance should not be decreed. Lerner v. Tetrazzini, 71 Misc. Rep. 182, 129 N. Y. Supp. 889, affirmed 144 App. Div. 928, 129 N. Y. Supp. 1132, and 207 N. Y. 709, 101 N. E. 1109. Here the court said:

"What employment was the plaintiff bound to give her? There is nowhere any obligation on the part of plaintiff to employ Tetrazzini any given number of times in any one week or during the whole term of the contract, which is cleverly devised for the benefit of plaintiff alone. * * * But in the contract before us there is no mutuality. Plaintiff was not bound to pay defendant any certain sum, or to give her any certain number of appearances, and therefore the contract is void for the want of mutuality."

In the present contract, during the term of employment, the employer has the right not to use defendant's services or pay therefor. In Keith v. Kellerman (C. C.) 169 Fed. 196, the court held:

"On the other hand, the second part of the contract, regulating the summer season, seems to me to be open to the objection that it does lack equitable mutuality. Neither expressly nor by necessary implication does it fix the periods when performances shall be given. For business or other reasons satisfactory to him, the plaintiff might omit exhibitions during any part of the summer season. During such period there will be no proceeds to divide, and the defendant would be without compensation and at the same time under a covenant not to perform for any one else. The contract lacks in this respect the kind of mutuality which moves a court of equity to aid its performance by injunction. Shubert Theatrical Co. v. Coyne (Sup.) 115 N. Y. Supp. 968. As in the cause cited, the defendant would receive compensation, if any, only for actual performances."

[3] The federal courts have refused to decree specific performance of a contract, where the other party at its option may refuse to carry ·out its provisions. The essence of a decree for specific performance is that it should be mutually binding and conclusive on both parties. Federal Oil Co. v. Western Oil Co. (C. C.) 112 Fed. 373.

Under the fourth clause of the contract, the services to be rendered by the artist may be dispensed with by the manager, even though they do involve art, taste, fancy, and judgment, at any time that they do not reach a grade of satisfaction to be determined by him. There is nothing in the contract to show that the manager must act in good faith or in any way to limit the manager in this regard. I think a contract so worded should not be specifically enforced. Southern Express Co. v. Railroad Co., 99 U. S. 191, 25 L. Ed. 319.

This is a reservation by which the manager may abrogate his contract to dismiss the defendant from his service. It makes the contract unenforceable as against the manager, and is somewhat similar in principle to the case considered in Rutland Marble Co. v. Ripley, 10 Wall. 339, 19 L. Ed. 955, where the court refused specific performance. See, also, Philadelphia Ball Club v. Hallman, 8 Pa. Co. Ct. R. 57; Metropolitan Exhibition Co. v. Ward (Sup. Ct.) 9 N. Y. Supp. 779; Brooklyn Baseball Club v. McGuire (C. C.) 116 Fed. 782; Triumph Electric Co. v. Thullen (D. C.) 228 Fed. 762.

[4] The third paragraph permits the assignment of the contract without the consent of the artist, and relieves the manager from financial liability thereunder after such assignment. A court of equity should not extend its aid to the enforcement of such a contract, for such a provision is unfair and unjust.

"If an agreement be deficient in either fairness, justice, or certainty, its specific performance will not be decreed." 2 Story, Equity, §§ 769, 770.

There are other considerations urged by the defendants against this preliminary injunction, but I think it sufficient to mention the foregoing and to deny the injunction at this time.

An order may be presented accordingly.