# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## State of New York.

---

The Butterick Publishing Company, Respondent, *v.* Frederick Loeser & Co., Inc., Appellant.

First Department, April 1, 1921.

Contracts — contract by defendant to sell plaintiff's patterns exclusively — termination — plaintiff not entitled to injunction restraining defendant from selling other patterns after termination of contract — right of defendant to sell stock on hand.

The contract entered into between the parties whereby the defendant agreed to sell plaintiff's patterns exclusively, which contained a provision that at any time within thirty days after the expiration of any contract term either party might give notice, in writing, of a desire to terminate the agreement, " and upon the expiration of six months following such notice, or within one week — either before or after — said expiration " all patterns held by the defendant are to be returned to the plaintiff, was forthwith terminated by defendant's notice of its election to terminate it, and the plaintiff is not entitled to an injunction *pendente lite* restraining the defendant from selling in its store other makes of patterns.

The injunction order cannot be sustained on account of alleged violations of the contract by the defendant prior to giving notice of election to terminate it, for the order was not made till after the notice, and as the contract was forthwith terminated the plaintiff must be left to its remedy. at law for its damages.

Upon giving of the notice plaintiff's obligation to deliver further patterns to the defendant, and the defendant's obligation to maintain its stock

of the plaintiff's patterns at the minimum amount stated in the contract and to refrain from selling other patterns ceased and terminated, and the defendant was at liberty for the period of six months to continue to sell its stock of plaintiff's patterns.

APPEAL by the defendant, Frederick Loeser & Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of February, 1921, enjoining it during the pendency of the action from selling or permitting to be sold in its store any make of patterns other than that of the plaintiff and from circulating any advertising matter or publishing any advertisement offering other patterns for sale in its store.

*Merton E. Lewis* of counsel [*Morris, Plante & Saxe*, attorneys], for the appellant.

*James B. Sheehan,* for the respondent.

LAUGHLIN, J.:

On the 20th of January, 1919, the parties entered into a contract in writing whereby the plaintiff, which was engaged in manufacturing and distributing patterns known as " Butterick Patterns " for garments worn by women and children, conferred upon the defendant a special agency for the sale of the patterns at its department store in the borough of Brooklyn, New York, for the period of two years from that date. It was provided that the agreement should remain in force from year to year thereafter until terminated as therein provided. The appeal involves the construction of the provisions for the termination of the agreement, which are as follows: " At any time within thirty days after the expiration of any contract term as herein specified, either party may give the other a notice, in writing, of a desire to terminate the agreement, *and upon the expiration of six months following such notice, or within one week — either before or after — said expiration,* all patterns held by party of the second part shall be returned to party of the first part at its General Office in New York; and if all the provisions of this agreement shall have been performed by party of the second part, the

party of the first part shall pay to said party of the second part in current funds, within thirty days of the time of delivery to it of said patterns, *three-fourths of the amount charged for the same,* but patterns returned, either for exchange or for redemption at the termination of the agreement, must have been procured direct from the party of the first part, and not through any other party; and patterns stamped or marked (otherwise than by mark affixed by party of the first part at the time of the sale)', wet, opened or in any way damaged or defaced, shall not be returnable."

On the 20th day of January, 1921, which was within thirty days after the expiration of the first contract term, the defendant gave due notice to the plaintiff of its desire to terminate the contract. At that time the defendant had in stock in its store patterns which it had received from the plaintiff under the contract in excess of the value at wholesale prices of $2,000, and in excess of the value at retail prices of $4,000, and advertising matter, periodicals and other merchandise with which to enable it to establish and maintain its pattern department, which was on the ground floor of its store; and it had established a trade in said patterns approximating $24,000 per annum. The plaintiff alleges that on the 10th day of January, 1921, which was ten days before the defendant gave notice of its election to terminate the contract, the defendant commenced selling in its store another make of patterns manufactured by the McCall Company, a competitor of the plaintiff, in violation of its agreement to sell only the plaintiff's patterns, and that the defendant has since established in its store a large department for the sale of McCall patterns, in which it has placed on sale a stock of patterns approximately as large as the stock of plaintiff's patterns which it was carrying, and was representing to its customers that they were superior to the plaintiff's patterns and is extensively advertising that it has for sale the McCall patterns, and that thereby the defendant has decreased and is decreasing the sale of the plaintiff's patterns, to the prejudice of the plaintiff in that the number of its patterns which will be returned at the end of six months after the giving of the notice of defendant's election to terminate the contract, and for which the plaintiff will be obliged to refund

to the defendant three-fourths of the amount paid therefor, has been and is being increased.

The contract further provided that the defendant should purchase from the plaintiff at fifty per cent of the retail prices and keep on hand for sale, at all times during the period the agreement continued in force, patterns " to the amount of Two thousand (2,000) dollars, at 50 per cent. of retail prices."

The plaintiff's right to the injunction order depends primarily upon whether the contract was forthwith terminated by defendant's notice of its election to terminate it given on January 20, 1921, or whether, notwithstanding such notice, it continued in full force and effect for the ensuing six months. The order cannot be sustained on account of the alleged violations of the contract by the defendant prior to giving the notice of defendant's election to terminate it, for the order was not made until the 4th of February, 1921, and if the contract was forthwith terminated by the notice, the plaintiff must be left to its remedy at law for damages for any violation of its rights prior to that time.

I am of opinion that the contract was forthwith terminated by the giving of the notice by the defendant on January 20, 1921. If that be not so, then during the period of six months following the giving of the notice it was the duty of the defendant not only to refrain from selling other patterns, but to maintain its stock of plaintiff's patterns at the minimum amount specified in the contract down to the last day of the six months; and it would then be the duty of the plaintiff to accept the return of all the patterns unsold by the defendant, even though some of them might have been delivered to the defendant only a few days before, and to refund to the defendant three-fourths of the amount it had been charged therefor. · I think that would be an unreasonable construction. The only basis therefor is found in the provisions by which the defendant was not to be obligated to return the unsold patterns until the expiration of the period of six months after giving the notice. Those provisions may, I think, be given full force and effect without construing them as continuing in force the contract in its entirety. Manifestly, it was supposed to be to the interest of the plaintiff

to have the patterns, which had been delivered to the defendant, sold, for it had already received its profit thereon; and in so far as it was required to accept the return of patterns, which presumably would be somewhat shopworn and depreciated in value, it was required to refund to the defendant three-fourths of the amount received therefor from defendant so that it was to be permitted to retain only one-fourth of the amount which it had received for the returned patterns. I think it was contemplated that upon the giving of the notice the plaintiff's obligation to deliver further patterns to the defendant, and the defendant's obligation to maintain its stock of the plaintiff's patterns at the minimum amount and to refrain from selling other patterns, ceased and terminated, and that it was intended that the defendant should be at liberty for the period of six months to continue to sell its stock of plaintiff's patterns, and thereby not only be reimbursed for the *full* amount paid therefor but afforded an opportunity to make a profit for itself thereon, and that it was expected that the stock would be substantially closed out within six months, at the expiration of which time there would be a final settlement by the return of the unsold patterns as provided. It is perfectly plain, I think, that unless it was contemplated that the defendant was to maintain throughout the period of six months the specified minimum stock of plaintiff's patterns, the defendant was not to be precluded from selling patterns. It would be unreasonable to infer that the proprietor of a large department store would obligate himself to sell only the plaintiff's patterns during a period of six months after it had decided to discontinue the sale thereof. That would leave it in the position with its customers of closing out its stock of patterns, without replenishing such stock, as if it were going out of that line of business. No precedent is sufficiently in point to aid in the construction of this contract. The appellant relies on *Standard Fashion Co.* v. *Siegel-Cooper Co.* (157 N. Y. 60) and kindred authorities in this and other jurisdictions. The contract, the construction of which was involved in that case, was quite different; the original term was for two years, and with respect to the continuance of the contract thereafter it was provided as follows: " * * * and said term to be extended from year

to year thereafter until closed by three months' notice in writing by either party, to be given within thirty days after said two years or any one year thereafter." There is no analogous or even similar provision in the contract now before us for construction.

In the case at bar the only notice required was of an election to terminate the contract to be given at any time within thirty days after the expiration of any contract term. It was competent for either party to terminate the contract in that manner, and the provision for the continuance of the contract was to the effect that it was to continue until so terminated. In any event it cannot be said that the plaintiff's theory of the construction of the contract is clear, and, therefore, the plaintiff is not entitled to have the negative covenant specifically enforced either by a decree of the court or by a temporary injunction. (*McCall Co.* v. *Wright,* 198 N. Y. 143, 153; *Lawrence* v. *Dixey,* 119 App. Div. 295, 298; *Dalzell* v. *Dueber Mfg. Co.,* 149 U. S. 315; *Standard Fashion Co.* v. *Magrane-Houston Co.,* 251 Fed. Rep. 559.) On reargument, the decision in *Standard Fashion Co.* v. *Magrane-Houston Co.* (*supra*) was placed upon the ground that the contract, being an interstate contract, while that in this case is not, was invalid, and the court changed its view with respect to the construction of the contract being doubtful (*Standard Fashion Co.* v. *Magrane-Houston Co.,* 259 Fed. Rep. 794); but that does not affect the rule declared in the former opinion with respect to the specific performance of ambiguous contracts.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion for an injunction denied, with ten dollars costs.

DOWLING, SMITH, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.